**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DANIEL GALASSO, | DOCKET NUMBER |
| Appellant, | NY-0752-20-0104-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: October 10, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Daniel Galasso</u>, New York, New York, pro se.

<u>Harvey Smith</u> and <u>Steve Roque</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency's imposition of a 40-day suspension for sustained charges of conduct unbecoming a Deputy U.S. Marshall (DUSM) and misuse of a Government-owned vehicle (GOV). On review, the appellant disputes the reasonableness of the penalty because the agency "failed to provide [the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge] with adequate cases to assess the consistency of the penalty." Petition for Review (PFR) File, Tab 1 at 4. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

We are unpersuaded by the appellant's assertion that the administrative judge was unable to assess the consistency of the penalty. The agency produced a sworn statement from the deciding official, which identified three comparator cases. Initial Appeal File (IAF), Tab 15 at 28-29. The appellant does not assert on review that the deciding official was untruthful in her sworn statement, nor does he provide any evidence that would suggest the deciding official omitted relevant information from her statement. PFR, Tab 1 at 3-5. Furthermore, an agency need only consider whether the penalty was consistent with those imposed on others for similar misconduct; there is no requirement that a comparator even exist, let alone a certain number of comparators exist, for the agency to impose discipline. *See Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 18 (explaining that the consistency of the penalty with those imposed upon other employees for the same or similar offenses is simply one of a nonexhaustive list of 12 factors

that are relevant for consideration in determining the appropriateness of a penalty); *Voss v. U.S. Postal Service*, 119 M.S.P.R. 324, ¶ 6 (2013) (explaining that the consistency of the penalty will be considered as a factor as to whether the penalty is reasonable); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305 (1981) (defining the relevant factor as consistency of the penalty with those imposed upon other employees for the same or similar offenses, not proscribing a requirement for comparators to be produced). Based on the record, we can discern no reason to disturb the administrative judge's findings.

Although we do not discern any reason to disturb the initial decision, we do believe a supplement to the administrative judge's analysis on the issue of nexus is warranted because the appellant's conduct occurred while he was off-duty. IAF, Tab 22, Initial Decision (ID) at 8. The relevant facts of this case are not in dispute. The appellant, a law enforcement officer, suspected his wife of having an extramarital affair, and, after finding the suspected lover's address on the internet, he drove his GOV to the paramour's house and sat outside for approximately 20 minutes. IAF, Tab 6 at 54-56. When the appellant returned home, he and his wife got into a heated argument, which escalated to him threatening to kill her and grabbing her neck and pushing her backwards while she sat on the couch. IAF, Tab 4 at 26-27, 69-78, Tab 6 at 49-54. The appellant then left his house and drove his GOV to his aunt's house. IAF, Tab 4 at 27-28, Tab 6 at 41. The appellant was subsequently arrested by local police at a hotel for simple assault and making terroristic threats.[2] IAF, Tab 5 at 32.

An agency must prove that a nexus exists between the sustained charges of misconduct and either the employee's ability to accomplish his duties satisfactorily or some other legitimate government interest, i.e., the efficiency of the service. *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 24 (2016).

---

[2] The appellant's criminal case was held in abeyance and ultimately expunged from his record pursuant to an agreement with the local prosecutor that allowed for the case to be dismissed as long as the appellant adhered to several conditions. IAF, Tab 5 at 30, 66, 69.

The Board generally recognizes three independent means by which an agency may show a nexus linking an employee's off-duty misconduct with the efficiency of the service: (1) a rebuttable presumption of nexus that may arise in "certain egregious circumstances" based on the nature and gravity of the misconduct; (2) a showing by preponderant evidence that the misconduct affects the employee's or his co-workers job performance or management's trust and confidence in the employee's job performance; and (3) a showing by preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987).

The Board has consistently found that there is nexus between off-duty criminal conduct by law enforcement officials and the efficiency of the service. *See Royster v. Department of Justice*, 58 M.S.P.R. 495, 499-500, (1993) (finding nexus between the appellant's off-duty conduct and the efficiency of the service when the appellant was a Corrections Officer found to have made several threatening and abusive phone calls to women); *Mojica-Otero v. Department of the Treasury*, 30 M.S.P.R. 46, 50 (1986) (finding nexus existed between off-duty shoplifting by a customs officer and the efficiency of the service because of his position as a law enforcement officer); *Barnhill v. Department of Justice*, 10 M.S.P.R. 378, 380-81 (1982) (finding nexus existed between the appellant's off-duty criminal conduct and the efficiency of the service when the appellant was a Border Patrol Agent criminally charged with making obscene phone calls to women). The Board explained that law enforcement officers have the "general duty and responsibility to uphold and enforce the law, not break it." *Austin v. Department of Justice*, 11 M.S.P.R. 255, 259 (1982). With such a sensitive position, "it can hardly be challenged that an agency has the right to expect and hold its law enforcement personnel to a high standard of conduct." *Id*. Thus, when law enforcement officers engage in criminal conduct, even if off-duty, it is a "serious breach of conduct and . . . [has] a significant effect on [the officer's]

reputation for honesty and integrity, thereby a significant effect upon the efficiency of the service." *Id*.

Consistent with previous Board findings, we find that the appellant's off-duty threatening and abusive misconduct is antithetical to the appellant's role as a law enforcement officer, and therefore has a significant impact on the efficiency of the service. Accordingly, we agree with the administrative judge's conclusion that the agency established that nexus existed between the appellant's off-duty misconduct and the efficiency of the service. ID at 8.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[3] Since the issuance of the initial decision in this matter, the Board has updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      _____
         Gina K. Grippando
         Clerk of the Board

Washington, D.C.